**In the Interest of John Edmund MORAGAS, V, a Child.**

No. 06–97–00097–CV.

Court of Appeals of Texas, Texarkana.

Argued April 14, 1998.

Decided May 27, 1998.

**88**

James W. Creech, Dallas, for appellant.

Gary W. Rholes, McDonald, Jones, Rholes, Center, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Appellant, Victoria Moragas Jones, appeals from a take-nothing judgment on a motion to confirm child support arrearage in the amount of $55,642.47.

In three points of error, Jones argues that appellee, John Moragas, (1) did not establish that there was fraud in the publication of service for the divorce decree; (2) did not establish the affirmative defense of estoppel to Jones' claim for child support; and (3) did not establish that Jones' claim for child support was barred by laches.

## BACKGROUND

John Moragas, IV and Victoria Moragas Jones were married in November 1970. A child, John Moragas, V, was born to the couple on September 2, 1973. In February 1980, John Moragas, IV abandoned Jones and the child.

Jones filed for divorce in March 1982. In an affidavit filed in support of the divorce petition Jones alleged that she was unable to serve Moragas with the divorce petition because she could not locate him. She also claimed that she was unable to locate his parents. She did assert that she talked to friends and a sister, but was unable to determine his whereabouts. Based upon these facts, Jones requested service by publication, which the trial court granted.

At the divorce hearing, Moragas was represented by an attorney ad litem. On May 21, 1982, the trial court entered a divorce decree in favor of Jones and further ordered that John Moragas, IV pay child support in the amount of $300.00 per month. Jones claims that she attempted to inform Moragas of the divorce and child support obligations through his parents, but was still unable to locate him.

In August 1995, Jones filed a motion to confirm child support arrearage. The motion was filed within the statute of limitations period. Moragas raised the defenses of laches and estoppel in his response.

A hearing was held on the motion to confirm child support arrearage on March 14, 1997. Both parties were present and represented by counsel. At the hearing on the motion, Jones testified that she always knew the location of Moragas' parents and had contacted them seeking Moragas' location prior to initiating the divorce proceedings. Jones claims that his parents would not tell

her where Moragas could be located. She claims she was never able to locate Moragas, so she chose to proceed with the divorce and serve him by publication.

Moragas testified at the hearing that he became aware of the divorce through his parents sometime between 1984 and 1986. He further testified that he took no steps to determine the terms of the decree or to get a copy of it. Moragas also claims that he was never aware of or informed of any child support obligations until 1994 and did not believe that the child was his. He also claimed that he was "readily findable" and even had a listed telephone number during all the intervening years.

The trial court ruled in favor of Moragas. In the findings of fact and conclusions of law, the trial court found that Moragas was entitled to the defenses of estoppel and laches and had met the respective elements of each. The trial court also found that Jones was not diligent in her efforts to locate Moragas and had provided false information in the affidavit for citation by publication. Further, the trial court found that Jones had never mentioned any child support obligations to Moragas' parents, with whom she had limited contact. The trial court also determined that Jones had led Moragas to believe that the child was not his and that Moragas had no reason to believe he was under any child support obligation.

## ANALYSIS

1. Fraud in Publication of Service for Original Divorce Decree

■■■■ In her first point of error, Jones asserts that Moragas can only attack the publication of service for the divorce action by bill of review. When the time for filing a motion for new trial has expired and relief may no longer be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a judgment rendered in a case by a court having the jurisdictional power to render it. Included in that category are cases where the judgment is claimed to be void for want of service or of valid service of process. *Dosamantes v. Dosamantes,* 500 S.W.2d 233, 237 (Tex.Civ.

App.—Texarkana 1973, writ dism'd). Moragas did not attempt to attack the divorce judgment until the motion to confirm child support arrearage was filed. His only possible means of attack on the judgment is through a bill of review. Since Moragas failed to attack the judgment through a bill of review, he cannot now attack it as a collateral matter to the motion to confirm child support arrearage. Jones' first point of error is sustained.

2. Estoppel

■■■■ In her second point of error, Jones asserts that Moragas failed to meet all elements of estoppel. In its conclusions of law, the trial court found that Moragas was entitled to the defense of equitable estoppel. The trial court's conclusions of law are always reviewable. *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.]), *writ ref'd n.r.e.,* 699 S.W.2d 199 (Tex.1985). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Simpson v. Simpson,* 727 S.W.2d 662, 664 (Tex.App.—Dallas 1987, no writ). Incorrect conclusions of law will not require reversal, however, if the controlling findings of fact will support a correct legal theory. *Valencia v. Garza,* 765 S.W.2d 893, 898 (Tex.App.—San Antonio 1989, no writ). Moreover, conclusions of law may not be reversed unless they are erroneous as a matter of law. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). However, the correctness of the legal conclusions from the facts found can be reviewed. *Vasquez v. Vasquez,* 645 S.W.2d 573, 575 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). We will therefore evaluate whether the findings of fact support the judgment.

■■■■ In order to prevail on the defense of estoppel, a party asserting estoppel must establish five elements: 1) a false representation or concealment of material facts; 2) made with knowledge, actual or constructive, of those facts; 3) to a party without knowledge, or the means of knowledge, of those facts; 4) with the intention that it should be acted on; and 5) the party to whom it was made must have relied or acted on it to his

prejudice. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *LaRue v. La-Rue,* 832 S.W.2d 387, 392 (Tex.App.—Tyler 1992, no writ). The broad concept embodied in the doctrine of estoppel is that a person who by his speech or conduct has induced another to act in a particular manner ought not be permitted to adopt an inconsistent position, attitude, or course of conduct to the loss or injury of such other. *First State Bank v. Dyer,* 248 S.W.2d 785, 788 (Tex.Civ. App.—Waco 1952), *aff'd,* 151 Tex. 650, 254 S.W.2d 92 (1953). Each case in which equitable estoppel is sought to be applied must rest upon its own facts. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 838 (Tex. 1968).

Moragas argues that the trial court could have found that he established estoppel for three independent reasons. First, Moragas asserts that the divorce itself, obtained by service by publication with a false affidavit, gives rise to estoppel. Second, Moragas argues that Jones' thirteen-year silence with regard to his child support obligation establishes estoppel. Third, Moragas contends that Jones made statements to him prior to the separation which led him to believe that the child was not his. The trial judge made various findings of fact regarding each of these three arguments.

### a. Estoppel due to divorce by service through publication

■ As to Moragas' first assertion, the trial court's findings of fact state that:

5. [Jones] did not make diligent effort to find [Moragas] to serve him with actual service in the divorce proceeding.

6. [Jones] made false statements in her affidavit for citation by publication in the divorce proceeding.

7. At the time of the divorce, [Moragas] was readily locatable.

8. [Moragas] never resided in Camp County, Texas [the county in which service was had by publication and the divorce granted].

. . . .

11. [Moragas] at some point found out that a divorce had been granted, but had no knowledge of where that divorce proceeding was held, and had no reason to believe that the divorce was obtained in Camp County or that he was obligated to pay child support.

In applying these findings to the conclusion of estoppel, we find that not all elements were met. The evidence does support the finding that Jones made misrepresentations to the trial court to obtain citation by publication. Moragas points out that in her supporting affidavit for citation by publication she states that she did not know where Moragas' parents were, but later admitted that she did. However, this is not material to Jones seeking and receiving service of citation by publication because Moragas never refutes that Jones did not know his location at the time she sought and obtained the divorce. Whether she knew of his parents' location is not material since Jones' unrefuted testimony was that Moragas' parents, relatives, and friends either did not know Moragas' location or simply refused to tell her where he could be found.

The trial court had no reason to know that the affidavit filed contained misinformation and had no means to determine the truth. Jones intended that the affidavit be acted upon so that she could obtain the service by publication. Assuming that a court can be treated as a party in establishing this element of estoppel, there is no finding establishing that the trial court here, as the party to whom the claimed misrepresentation was made, acted on it or relied on it to its prejudice. Regardless, Moragas is the party claiming estoppel; the trial court is not. Equitable estoppel requires a showing of detrimental reliance by the party asserting the doctrine. *Vessels v. Anschutz Corp.,* 823 S.W.2d 762, 765 (Tex.App.—Texarkana 1992, writ denied) (citing *Thate v. Texas & Pac. Ry. Co.,* 595 S.W.2d 591, 595 (Tex.Civ.App.— Dallas 1980, writ dism'd)). The findings do not support Moragas' claim of estoppel because no findings were made that he relied on the false affidavit statements to his detriment.

### b. Estoppel due to thirteen-year silence

■ Moragas also argues that Jones' thirteen-year silence with regard to his child

support obligation establishes estoppel. The trial court made the following findings in support of this claim:

9. [Jones] has had no contact with [Moragas] since the date of separation prior to the divorce.

10. [Jones], at all times knew how to contact [Moragas'] parents.

....

12. [Jones] nor her son, though having limited contact with [Moragas'] parents, never made mention that [Moragas] was under any type of order to pay child support.

....

14. [Jones] made no effort to assert her rights to child support until over thirteen (13) years had elapsed since the divorce judgment was signed.

....

16. [Jones'] silence for such a period of time worked to the disadvantage of [Moragas].

A false misrepresentation can be predicated on silence when one has a duty to speak. *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655, 658 (Tex.1979). Jones knew of the child support order, but did not communicate these facts to Moragas.

■ Moragas must still show that he has reasonably relied on Jones' improper silence. *DiGrazia v. Old,* 900 S.W.2d 499, 503 (Tex. App.—Texarkana 1995, no writ). It is questionable whether Moragas was without knowledge or the means of knowledge of the divorce or child support order. Section 151.002 of the Family Code codifies the long-held rule that a man is presumed to be the father of a child if he and the child's biological mother are married to each other and the child is born during the marriage. TEX. FAM. CODE ANN. § 151.002 (Vernon 1996); *Gonzalez v. Gonzalez,* 177 S.W.2d 328, 330 (Tex.Civ. App.—El Paso 1943, no writ). A parent of a child has the duty to support the child and is liable to a person who provides necessaries to the child. TEX. FAM.CODE ANN. § 151.003 (Vernon 1996). A natural father has the legal duty to support his minor children whether ordered to do so by the court or not.

*Laslie v. Cole,* 465 S.W.2d 811, 813 (Tex.Civ. App.—Corpus Christi 1971, no writ).

■ If a party conducts himself with careless indifference to means of information reasonably at hand or ignores highly suspicious circumstances, he may not invoke the doctrine of estoppel. *Barfield,* 426 S.W.2d at 839. Moragas knew there was a child born during the marriage, but upon separation never exercised any effort to see to what extent he was responsible to provide support for the child. During the intervening thirteen years, Moragas never inquired about the child or sought to communicate with Jones and ignored the circumstance of a child having been born during the marriage.

The record shows that, sometime between 1984 and 1986, Moragas did know, through his parents, that a divorce had been granted. The record also shows that Moragas made no effort to ascertain the terms of the divorce decree or to contact Jones for more information. At the very least, Moragas is responsible for support from the time he became aware of the existence of the divorce decree. *See LaRue,* 832 S.W.2d 387. Even if Jones' actions prior to this time support estoppel of the enforcement of child support, the estoppel ends at the time Moragas knew of the divorce decree, since Moragas should have then taken steps to determine his obligations.

■ However, we believe that regardless of when Moragas actually became aware of the divorce, he should have known of his child support obligations from the time he abandoned Jones and the child in 1980. As discussed earlier, Moragas was presumed to be the father of the child since the child was born during the marriage to Jones. Moragas continued to live with and support the child for another seven years before he abandoned the marriage. By his argument, Moragas would have this Court place an onerous burden on an abandoned parent left with sole support of a child and without knowledge of the other parent's whereabouts, requiring the abandoned parent to locate and give actual notice to the other before any obligation of support would arise. Moragas would further have us "reward" parents who successfully elude the managing conservator parent for a number of years by not imposing any

support obligation on them. He would further have us ignore the law of this state, which provides that parents are obligated to support their children. We decline to endorse such an interpretation of the law. Clearly, due to the circumstances, Moragas should have known that he was responsible for the support of his child. Further, Moragas had means to discover what his obligation was by contacting Jones, who maintained a relationship with his parents. We find that an estoppel argument based on Jones' thirteen-year silence fails as a matter of law.

### c. Estoppel due to questions regarding paternity of the child

■ In his last argument, Moragas asserts estoppel based on Jones' statements to him prior to the separation which led him to believe that the child was not his. In this regard, the trial judge made the following findings of fact:

2. Prior to the divorce, [Jones] had led [Moragas] to believe that the child, the subject of this suit, was in fact not his child.

. . . .

17. [Moragas] had no relationship with the child, the subject of this suit, after his separation from [Jones] because [Jones] had led him to believe the child was not his.

18. [Jones'] representation that subject child was not his, and [Jones'] silence for a long period of time worked to the detriment of [Moragas].

Although the trial judge made such findings, there is nothing in the record which supports them. Each time that Moragas was questioned about whether he was led to believe that the child was not his, Jones' attorney objected, claiming that such questions were not supported by any pleadings, and the trial judge sustained the objection. There is no evidence in the record regarding any misrepresentations by Jones as to the paternity of the child. Moragas does state on the record that he did not believe the child was his, but there is no basis developed in the record for that belief. Therefore, his argument that Jones made a misrepresentation to him re-

garding the paternity of the child and is thereby estopped from enforcing the child support order is unfounded. At any rate, Moragas never took any steps to determine paternity and, given the legal presumption of paternity, he is deemed the father of the child and, as a matter of law, has a duty to support that child.

Jones' contentions that Moragas failed to meet all elements of estoppel are sustained.

### 3. Laches

■ In the third point of error, Jones asserts that the trial court incorrectly found her claim for child support in arrears was barred by laches. Laches is a defense grounded upon an unreasonable delay by one having legal or equitable rights in asserting them, and a good faith change of position by another to his detriment because of the delay. *Raney v. Mack,* 504 S.W.2d 527, 532 (Tex.Civ.App.—Texarkana 1973, no writ). Delay, coupled with disadvantage to another, are the essential elements of laches. *Keene v. Reed,* 340 S.W.2d 859, 860 (Tex.Civ.App.—Waco 1960, writ ref'd).

■ This Court has stated that:

The defense of laches or stale demand is usually only available in suits strictly in equity or in actions at law that involve claims of an essentially equitable character. Thus, the doctrine of laches is not available in a suit for the enforcement of a statutory legal right. A plea of limitation is the defense to be imposed.

*Ex parte Payne,* 598 S.W.2d 312, 318 (Tex. Civ.App.—Texarkana 1980, no writ). Generally, in the absence of some element of estoppel or such extraordinary circumstances as would render inequitable the enforcement of petitioners' right after a delay, laches will not bar a suit short of the period set forth in the limitations statute. *Barfield,* 426 S.W.2d at 840.

■ Although this suit was brought within the limitations period, Moragas argues that both the elements of estoppel and extraordinary circumstances found in this case allow for a defense of laches. We have already disposed of the estoppel issues, and we now turn to the extraordinary circumstances

which Moragas suggests allow for a laches defense.

Moragas argues that the following findings of the trial court amount to extraordinary circumstances: Jones made false statements in her affidavit for citation by publication; at the time of the divorce, Moragas was locatable; prior to the divorce, Jones had led Moragas to believe that he was not the father of the child; Moragas had no reason to believe he was ordered to pay child support; Jones made no effort to assert her right to child support until over thirteen years had elapsed since the decree was signed; the "child," the subject of the suit, was twenty-two days shy of his twenty-second birthday; Jones' representation that the child was not his and her long silence worked to Moragas' detriment; and enforcing the child support obligation at this time would likely be of no benefit to the child. Many of these findings are the same as those which Moragas claimed supported his estoppel defense. We do not find any of these reasons, as found by the trial court, to be so compelling or extraordinary as to override the public policy and law of this state, which requires a parent to support a child. The suit was brought within the limitations period and, even if Moragas changed his position due to this delay, we do not feel he was justified in doing so given the presumption of paternity which must be indulged with regard to the child of this marriage. We therefore find that laches was not available as a defense to Moragas as a matter of law and sustain Jones' contentions.

The take-nothing judgment of the trial court is reversed and judgment for Jones rendered in the amount of $55,642.47.