NUMBER 13-99-684-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JACK WAYNE BREWER, Appellant,


v.



NATIONSBANK OF TEXAS, N.A., Appellee.

____________________________________________________________________


On appeal from the


County Civil Court at Law Number Two


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Jack Wayne Brewer, appeals from the trial court's order
granting a summary judgment in favor of Nationsbank of Texas, N.A.
("the Bank"). In two issues, appellant contends the trial court erred in
granting the Bank's motion for summary judgment because the Bank
did not prove his breach of contract claim was barred by either
limitations or laches. We reverse and remand.

A. Background and Procedural History


 Appellant was living on his sailboat in Guatemala in November
1994, when he ordered new checks delivered to his private mailbox in
Houston. On November 7, 1994, two forged checks were written on
appellant's checking account at the Bank. Check number 1313 was
made in the amount of $3,300 and check number 1315 was made for
$3,800.(1) On November 14, 1994, the Bank paid the checks from
appellant's account.

 Appellant first learned of the forgeries in January 1995, when he
received his bank statement. That month, he contacted the Bank and
informed it of the forgeries. The Bank requested affidavits that the
checks were forgeries, and appellant provided them in June 1995. The
Bank refused to credit appellant's account for the amount of the forged
checks.

 In September 1995, appellant's attorney wrote the Bank,
demanding that the Bank credit appellant's account with the full
amount of the forgeries, but the Bank refused to credit appellant's
account. In December 1997, appellant's attorney sent the Bank another
letter in which he threatened to sue the Bank if appellant's account was
not credited with the full amount of the forgeries. The Bank again
refused to credit appellant's account. In April 1998, appellant sued the
Bank for conversion, negligence, gross negligence, breach of contract,
breach of fiduciary duty, and violations of the Texas Deceptive Trade
Practices--Consumer Protection Act ("DTPA").

 On April 16, 1999, the trial court granted the Bank's first motion
for summary judgment on appellant's causes of action for conversion,
negligence, gross negligence, and DTPA violations. On June 15, 1999,
the trial court granted the Bank's second motion for summary judgment
on appellant's breach of contract and breach of fiduciary duty claims.

 In two issues, appellant complains the trial court erred in granting
the Bank's second motion for summary judgment on his breach of
contract claim. The Bank's second motion for summary judgment was
based on the grounds that appellant's breach of contract claim was
barred by: (1) the three-year statute of limitations found in Texas
Business & Commerce Code section 4.111, which became effective
January 1, 1996, and (2) the doctrine of laches. Appellant contends the
Bank did not prove his breach of contract claim was barred by either
limitations or laches.

 At oral argument, the Bank conceded that appellant's claim was
governed by a four-year statute of limitations because appellant's cause
of action accrued prior to January 1, 1996, the effective date of Texas
Business & Commerce Code section 4.111. Because appellant's claim
for breach of contract is not barred by limitations, the only issue before
us is whether his breach of contract claim is barred by laches.


B. Standard of Review


 Summary judgment is designed to eliminate unmeritorious claims
or untenable defenses. Turner v. Richardson Indep. Sch. Dist., 885
S.W.2d 553, 557 (Tex. App.--Dallas 1994, no writ). The purpose of the
summary judgment rule is not to provide either a trial by deposition or
a trial by affidavit but to provide a method of summarily terminating a
case when it clearly appears that only a question of law is involved and
that no genuine issue of material fact remains. Gaines v. Hamman, 163
Tex. 618, 626, 358 S.W.2d 557, 563 (1962). When reviewing a
summary judgment, an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law; 


(2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and 


(3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts must be resolved in
favor of the nonmovant.


American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a. 

 When the defendant moves for summary judgment, the motion is
properly granted only if the plaintiff cannot, as a matter of law, succeed
upon any theory pleaded. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.
1983). A defendant's motion for summary judgment should be granted
if he disproves at least one essential element of each of the plaintiff's
causes of action, or if he establishes all the elements of an affirmative
defense as a matter of law. Grinnell, 951 S.W.2d at 425; Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Randall's
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 

 Once the movant establishes its right to summary judgment as a
matter of law, the burden shifts to the nonmovant to offer any issue or
evidence that would preclude summary judgment. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). When a
defendant moves for summary judgment, a plaintiff can bar summary
judgment by presenting evidence that creates a fact question on those
elements of the plaintiff's case under attack by the defendant or on at
least one element of each affirmative defense advanced by the
defendant. Torres v. Western Casualty & Sur. Co., 457 S.W.2d 50, 52
(Tex. 1970). Alternately, the plaintiff can defeat the motion by
conceding the material facts are undisputed, but convincing the court
that the defendant's legal position is unsound. Estate of Devitt, 758
S.W.2d 601, 601 (Tex. App.--Amarillo 1988, writ denied). If a summary
judgment is granted generally, without specifying the reason, it will be
upheld if any ground in the motion for summary judgment can be
sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly
v. East, 900 S.W.2d 755, 758 (Tex. App.--Corpus Christi 1995, writ
denied); Benavides v. Moore, 848 S.W.2d 190, 192 (Tex. App.--Corpus
Christi 1992, writ denied). 

C. Laches


 Laches is an equitable remedy that prevents a plaintiff from
asserting a claim due to a lapse of time. Green v. Parrack, 974 S.W.2d
200, 203-04 (Tex. App.--San Antonio 1998, no pet.); Bluebonnet Sav.
Bank, F.S.B. v. Grayridge Apartment Homes, Inc., 907 S.W.2d 904, 912
(Tex. App.--Houston [1st Dist.] 1995, writ denied). To prevail, the party
asserting laches must show two elements: (1) there was an
unreasonable delay by the other party in asserting legal or equitable
rights, and (2) the party asserting laches made a good faith change in
position to his detriment because of the delay. Caldwell v. Barnes, 975
S.W.2d 535, 538 (Tex. 1998); Rogers v. Ricane Enterprises, Inc., 772
S.W.2d 76, 80 (Tex. 1989). Delay coupled with disadvantage to
another are essential elements of laches. In the Interest of Moragas,
972 S.W.2d 86, 92 (Tex. App.--Texarkana 1998, no writ); Keene v.
Reed, 340 S.W.2d 859, 860 (Tex. Civ. App.--Waco 1960, no writ). 
Laches is usually available only in suits strictly in equity or in actions at
law that involve claims of an essentially equitable character. Moragas,
972 S.W.2d at 92; Ex parte Payne, 598 S.W.2d 312, 318 (Tex. Civ.
App.--Texarkana 1980, no writ). The party asserting laches has the
burden of proving it. Green, 974 S.W.2d at 203-04; Jamail v.
Stoneledge Condominium Owners Ass'n, 970 S.W.2d 673, 676 (Tex.
App.--Austin 1998, no pet.).

D. Suit Filed Within Limitations Period


 Laches should not bar an action on which the statute of limitations
has not run unless allowing the action "would work a grave injustice." 
Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167, 170-71 (Tex. 1943). 
Generally, in the absence of some element of estoppel or such
extraordinary circumstances as would render inequitable the
enforcement of the petitioner's right after a delay, laches will not bar a
suit short of the limitations period. Caldwell, 975 S.W.2d at 538;
Barfield v. Howard M. Smith Co., 426 S.W.2d 834, 840 (Tex. 1968); K
& G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv., 158 Tex. 594, 314
S.W.2d 782, 790-91 (Tex. 1958); Moragas, 972 S.W.2d at 92.

 Here, the Bank has conceded that appellant's breach of contract
claim is not barred by the statute of limitations. Therefore, to succeed
on its claim of laches, the Bank must show that:

(1) there was an unreasonable delay by appellant in
asserting his breach of contract claim against the Bank;


(2) the Bank made a good faith change in position to its
detriment because of the delay; and


(3) there is some element of estoppel or such extraordinary
circumstances that it would be inequitable to allow
appellant to proceed with his breach of contract claim
against the Bank after the delay.


 There is no bright-line rule defining such estoppel or extraordinary
circumstances, but Texas courts have analyzed various fact situations
to determine whether the circumstances pleaded justify the application
of laches to bar a case when the statute of limitations has not run. The
Texas Supreme Court has reviewed several such cases. Caldwell, 975
S.W.2d at 539; Barfield, 426 S.W.2d at 840; K & G, 314 S.W.2d at 790-71; Culver, 176 S.W.2d at 170-71.

 In Caldwell, the petitioner sought a bill of review, just within the
applicable four-year statute of limitations, to set aside a Colorado default
judgment in an action in which he was never served. Caldwell, 975
S.W.2d at 539. The supreme court held that laches did not bar the
claim where the petitioner's explanation for the delay was "that he
believed he could not hope to have the judgment set aside without
evidence supporting his contention that he was never served." Id.

 In Barfield, a landlord delayed nearly four years in suing for unpaid
rent on a lease after a tenant had vacated the premises. Barfield, 426
S.W.2d at 840. The court held that laches did not bar the claim, even
though the landlord offered no explanation for the delay, and the tenant
argued that if he had known of the landlord's claim earlier, he would
have tried to set aside the lease or use the premises. Id.

 In K & G, laches was not a bar where the defendant in an action
for misappropriation of trade secrets argued that the plaintiff's action,
even though filed within the limitations period, should be barred by
laches because the defendant continued to develop and market the
product with the information the plaintiff claimed to be proprietary. K
& G, 314 S.W.2d at 790-71.

 In Culver, laches did not bar an action for constructive trust on
which limitations had not run because the defendants had not been
prejudiced by any delay. Culver, 176 S.W.2d at 170-71.

 The Texas Courts of Appeals have also reviewed cases in which
laches has been asserted in an action filed before the limitations period
expired. Moragas, 972 S.W.2d at 92-93; Brink v. Fidelity Bank of Fort
Worth, 966 S.W.2d 684, 684-85 (Tex. App.--Fort Worth 1998, no pet.);
Bluebonnet, 907 S.W.2d at 911-12; Wakefield v. Bevly, 704 S.W.2d
339, 345 (Tex. App.--Corpus Christi 1985, no writ).

 In Moragas, the court held that laches did not bar an ex-wife's
action for child support arrearage brought within the limitations period,
even though: (1) the ex-husband alleged the ex-wife had falsely stated
in her affidavit for citation by publication for the divorce action that he
was unlocatable, (2) the ex-wife had waited thirteen years to enforce
the child support decree, and (3) the child in question was less than one
month short of his twenty-second birthday. Moragas, 972 S.W.2d at
92-93.

 In Brink, a bank waited until two days before the applicable
limitations period ran to sue the defendants for a deficiency on two
foreclosures. Brink, 966 S.W.2d at 684-85. The court held that neither
accrual of interest on deficiencies nor the assumption of additional debt
by the defendants constituted an extraordinary circumstance. Id. at
685.

 In Bluebonnet, laches did not bar the action where the defendant
in a deficiency suit claimed that, but for the plaintiff's delay, he would
have obtained alternate financing. Bluebonnet, 907 S.W.2d at 911-12.

 In Wakefield, this Court held that the defendant's "loss of
memory," inability to review documentary evidence, and the plaintiff's
ability to exert coercive economic pressure on witnesses did not
establish laches in a case filed before the limitations period had run. 
Wakefield, 704 S.W.2d at 345.

 After reviewing the record in light of the above-discussed case
law, we conclude the Bank has not established as a matter of law that
appellant's claim is barred by laches. The Bank pleaded only that due
to appellant's delay in filing his lawsuit it had lost the ability "to seek
recovery of its losses from other parties."(2) The Bank merely pleaded the
second element of laches. It did not raise a claim of estoppel or
extraordinary circumstances. Further, the Bank's summary judgment
evidence does not show any estoppel or such extraordinary
circumstances that would make it inequitable to allow appellant to
proceed with his claim after the delay.

 We hold the Bank did not prove as a matter of law that it was
entitled to assert laches as a bar to appellant's cause of action for
breach of contract. We further hold the trial court erred in granting the
Bank's motion for summary judgment on the ground of laches. 
Appellant's second issue is sustained.

 Because the Bank has conceded that appellant's breach of
contract claim is not barred by limitations, we hold the trial court erred
in granting the Bank's motion for summary judgment on this ground. 
We sustain appellant's first issue.

 We reverse the trial court's order granting summary judgment on
appellant's breach of contract claim. We remand the case to the trial
court for further proceedings consistent with this opinion.


 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. The forged checks were made payable to two credit card accounts. The two
accounts belonged to an employee of the private mailbox company where appellant
had his new checks sent, strongly implicating the employee in the theft and forgery
of the checks.
2. The Bank could have taken advantage of any and all remedies available to it,
including pursuing civil and criminal remedies against the forger, the private mailbox
company, and the other banks involved in the payment of the forged checks.