NO. 07-03-0144-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2004
_____

IN THE MATTER OF THE MARRIAGE OF LINDA N. MOON
AND DONALD RAY MOON AND IN THE INTEREST OF
MELINDA DAWN MOON, A CHILD

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. 4533; HON. ED SELF, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Donald Ray Moon (Donald) appeals an order of the trial court withholding child support from his earnings. In doing so, he contends the trial court erred in 1) refusing to allow the admission of a statement of personal or family history by an unavailable declarant, and 2) overruling his affirmative defense of equitable estoppel. We affirm the order of the trial court.

***Background***

Donald and appellee Linda N. Moon (Linda) were divorced by decree dated May 15, 1978. A daughter, Melinda Dawn Moon (Melinda), was the only child born of the marriage, and Linda was granted custody of the child. Donald was ordered to pay $33.00 per week

in child support. In October 1985, an order was entered modifying the parent-child relationship requiring Donald to pay $200.00 per month with the first payment due December 1, 1985. In February 1986, he signed an "Affidavit of Voluntary Relinquishment of Parental Right" based on his belief that Linda's husband Toby Tucker was going to adopt Melinda. That adoption never took place although the child did begin to use the name Tucker. In 1989, both parties signed a document entitled "Joint Motion to Modify Managing Conservatorship" in which Donald sought to be appointed sole managing conservator of Melinda and to be released from all prior unpaid child support. That document was never filed with the court.

Linda subsequently filed a notice of application for judicial writ of withholding on January 9, 2003, seeking past child support payments. In response, Donald filed a motion to dismiss and motion to stay the issuance of the writ alleging, among other things, the "equitable doctrine of estoppel by laches" and that Melinda had been adopted by Linda's husband Toby Tucker. A hearing was held on March 6, 2003, and the trial court subsequently entered an order for withholding child support from earnings. In doing so, the court found that Donald owed $12,000 in child support arrearage with $10,533.76 interest accrued through March 1, 2003.

### Issue One - Hearsay Statement

In his first issue, Donald complains of the trial court's failure to allow the admission of a sworn written statement allegedly made in 2001 by Melinda in which she stated that Donald had given up all parental rights to her when she was 12 years of age, and she was then adopted by Toby Tucker. We overrule the issue.

2

Donald contends that the statement was admissible under Rule 804(a)(5) of the Rules of Evidence. That rule provides an exception to the hearsay rule when the declarant is unavailable. It permits a statement "concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history even though the declarant had no means of acquiring personal knowledge of the matter stated. . . . " TEX. R. EVID. 804(b)(3). A witness is unavailable when the declarant "is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance or testimony by process or other reasonable means." TEX. R. EVID. 804(a)(5). It is the proponent of the statement who has the burden to affirmatively show that the witness is unavailable. *Owens-Corning Fiberglas Corp. v. Wasiak,* 917 S.W.2d 883, 888 (Tex. App.--Austin 1996), *aff'd,* 972 S.W.2d 35 (Tex. 1998); *Keene Corp. v. Rogers,* 863 S.W.2d 168, 177 (Tex. App.--Texarkana 1993, writ stayed). We review the trial court's ruling for an abuse of discretion. *Otero-Miranda v. State,* 746 S.W.2d 352, 355 (Tex. App.--Amarillo 1988, writ ref'd, untimely filed).

At the hearing, there was testimony from Donald that Melinda resided in Missouri.[1] A witness is not unavailable unless a good faith effort has been made to procure her attendance. *Otero-Miranda v. State,* 746 S.W.2d at 355. Even if the evidence of Melinda's residence was sufficient to establish that Melinda was beyond the subpoena power of the court, Donald failed to establish that he was unable to take her deposition or otherwise procure her testimony. *See Fuller-Austin Insulation Co. v. Bilder,* 960 S.W.2d 914, 921

---

[1]There was no evidence at the hearing that Melinda was unable to attend because of a snowstorm as Donald asserts on appeal.

3

(Tex. App.--Beaumont 1998, pet. and cause dism'd); *Owens-Corning Fiberglas Corp. v. Wasiak,* 917 S.W.2d at 888. Therefore, we can find no abuse of discretion on the part of the trial court in sustaining the hearsay objection.

### *Issue Two - Defense of Equitable Estoppel*

Via his second issue, Donald challenges the trial court's overruling of his affirmative defense of equitable estoppel. We overrule the issue.

The grounds for filing a motion to stay the issuance of a writ of withholding are limited to a dispute concerning the identity of the obligor or the existence or the amount of arrearages. TEX. FAM. CODE ANN. §158.397(b) (Vernon 2002). However, the defense of equitable estoppel can be asserted in appropriate circumstances. *In re Digges,* 981 S.W.2d 445, 447 (Tex. App.--San Antonio 1998, no pet.). Donald pled the affirmative defense of "estoppel by laches." Laches is a defense based on an unreasonable delay in the assertion of equitable or legal rights and a good faith change of position by another to his detriment due to the delay. *In re Moragas,* 972 S.W.2d 86, 92 (Tex. App.--Texarkana 1998, no pet.). Laches is not available in a suit for enforcement of a statutory legal right such as the collection of child support. *In re M.W.T.,* 12 S.W.3d 598, 604 (Tex. App.--San Antonio 2000, pet. denied); *Ex parte Payne,* 598 S.W.2d 312, 318 (Tex. App.--Texarkana 1980, no writ), *overruled on other grounds by Huff v. Huff,* 648 S.W.2d 286 (Tex. 1983).

However, on appeal, Donald argues the defense of equitable estoppel by virtue of his execution of a voluntary relinquishment of parental rights under the belief the child was to be adopted by Linda's new husband Toby Tucker, his nonpayment of further child support after execution of the document, the use by the child of the last name of Tucker after execution of the document, the lack of any visitation rights after execution of the

4

document, and Linda's failure to ever tell him his parental rights had not been terminated. An affirmative defense is generally waived if not pleaded. *Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933, 937 (Tex. 1992); *Alvarado v. Wingfoot Enterprises,* 53 S.W.3d 720, 725 (Tex. App.--Houston [1ˢᵗ Dist.] 2001)*, rev'd on other grounds,* 111 S.W.3d 134 (Tex. 2003). Because Donald did not plead the defense of equitable estoppel, it has not been preserved for appeal.

However, even if we liberally construe his pleading to assert that defense, the elements of estoppel are:   1) false representation or concealment of material facts, 2) made with actual or constructive knowledge of those facts, 3) to a party without knowledge, or the means of knowledge, of those facts, 4) with the intention that it should be acted on, and 5) the party to whom it was made relied or acted on it to his prejudice. *Kawazoe v. Davila,* 849 S.W.2d 906, 909 (Tex. App.--San Antonio 1993, no writ); *LaRue v. LaRue,* 832 S.W.2d 387, 392 (Tex. App.--Tyler 1992, no writ).   In contending that those elements exist, Donald relies on *Kawazoe v. Davila,* 849 S.W.2d at 909-10, in which the court affirmed the denial of a motion for enforcement of a child support order by contempt when the former husband had signed a relinquishment of his parental rights under the belief the child would be adopted by his former wife's new husband and, for 13 years, she represented to him on a number of occasions he was no longer the child's father even when she knew his parental rights had not been terminated and no adoption would take place, she denied him visitation rights, and the child began to use her new husband's name.

Donald claims that he had no reason to believe the adoption had not taken place and he knew that his daughter went by the name of Tucker.   Further, both Linda and his daughter represented to him she had been adopted, and no child support was requested

5

by Linda. However, the evidence also shows that Melinda came to stay with him and his new wife in 1989 for a period of time, and Donald signed a motion to modify managing conservatorship because he and his wife felt she was old enough to "get to know her daddy." Given the existence of a preexisting order regarding the conservatorship of Melinda, Donald's signing a document purporting to change that prior order and vest conservatorship of Melinda in him hardly connotes that his parental relationship with Melinda had been terminated through her adoption by a third party. Simply put, it is some evidence upon which the factfinder could conclude that Donald knew no one adopted his daughter and his parental relationship with the child had not ended. *See LaRue v. LaRue,* 832 S.W.2d at 394 (holding knowledge that a child has reverted back to the father's surname in spite of an apparent termination of the parent-child relationship placed the father on notice that he should investigate the termination and adoption proceeding).

If a party conducts himself with careless indifference to means of information reasonably at hand or ignores suspicious circumstances, he may not benefit from the defense of estoppel. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 839 (Tex. 1968); *In re Moragas,* 972 S.W.2d at 91. Based on these facts and the trial court's ability to observe the demeanor and credibility of the witnesses, we cannot say the trial court erred in failing to determine that Linda was equitably estopped from obtaining a withholding order. In short, there exists evidence of record negating Donald's implicit argument that he proved the defense of equitable estoppel as a matter of law.

Accordingly, the order of the trial court is affirmed.


Per Curiam