In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-206 CV


______________________


 

PATRICIA DENISE HALL, Appellant



V.



KENNETH RAY HALL, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 01-07-04688 CV






MEMORANDUM OPINION


 Patricia Denise Hall appeals an order denying her motion for enforcement of child
support and ordering her to pay Kenneth Ray Hall's attorney's fees, expenses, and costs. She
asks this Court to reverse the order; render judgment that Kenneth owes her $23,568.87 in
back child support; render judgment that she is entitled to recover attorney's fees, or remand
her fee request to the trial court; and set aside the trial court's order assessing $10,000 in
sanctions against her. Finding no abuse of discretion or error requiring reversal, we affirm
the order. (1) 

 On October 5, 2001, Patricia obtained a divorce judgment that included an order
requiring Kenneth to pay her the monthly sum of $750 in child support for their minor
daughter. In September 2005, Patricia filed a motion to enforce the support order. In
response to her motion, Kenneth pled numerous defenses, including estoppel, entitlement to
offsets, and common-law marriage.

 At the hearing on the enforcement motion, Kenneth testified he first learned of the
divorce when he received a card in the mail from the district clerk. Patricia indicated he
knew "from the very beginning" that she had filed for and obtained a divorce. Kenneth
testified he did not sign the waiver of citation or the agreed divorce judgment. When he
confronted Patricia, she initially denied knowing anything about the divorce. Kenneth
testified she later explained she obtained the "fake" divorce to protect her assets from a
judgment creditor, and she made the following representations to him: the divorce judgment
placed all the assets in his name; "there was no child support"; joint custody was awarded;
all the debt was placed in her name; and once the judgment creditor was "taken care of," they
would then remarry. 

 Kenneth explained he did not obtain a copy of the divorce judgment for over a year. 
He testified he and Patricia continued to live together (2) after the judgment was signed, and he
did not write monthly child support checks for $750. Kenneth produced records of monies
he earned and expended to support his wife and child during the time they lived together after
the trial judge signed the divorce judgment. He moved out of the house in December 2003. 
For eight of the next thirteen months, Kenneth made partial child support payments, and then
made payments in full after that. 

 Roy Scroggins, Patricia's brother, testified he and Patricia purchased a fifty-seven acre
tract of land during the Halls' marriage. The Halls' ownership of the acreage apparently was
granted to Kenneth in the divorce decree as his separate property. Scroggins testified the
signature on the deed conveying his interest is not his, and he did not give his sister
permission to sign his name. Patricia sold the property for $371,399.32. Scroggins testified
he filed a criminal complaint against Patricia.

 Patricia testified she executed a deed conveying her interest in the fifty-seven acres
to Kenneth. Sometime later there was a deed conveying Kenneth's interest in the property
to a trust Patricia had created for their daughter. The divorce judgment did not create the
trust. Kenneth indicated he knew nothing about the trust at the time Patricia conveyed the
property from him to the trust, and he did not sign the deeds conveying the property to the
trust. 

 During cross-examination, Patricia's attorney instructed her "to take the Fifth
Amendment with regard to any questions regarding the sale or transfer of any property at
all." In this civil case, the fact-finder could draw reasonable inferences from the assertion
of the privilege against self-incrimination. See Tex. R. Evid. 513(c); Tex. Dep't of Pub.
Safety Officers Ass'n v. Denton, 897 S.W.2d 757, 763 (Tex. 1995) (citing Baxter v.
Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). The trial court may
have considered the evidence concerning Patricia's conduct in the transfer of property to
have been largely uncontroverted. 

 In her first issue, Patricia asserts the trial court erred in failing to find Kenneth 
violated the terms of the divorce judgment by failing to pay child support. She argues the
divorce judgment has not been set aside and therefore must be followed. (3) 

 Under section 157.008 of the Family Code, an obligor may claim offset as an
affirmative defense. See Tex. Fam. Code Ann. § 157.008 (Vernon 2002). Kenneth pled the
defense. He testified that from October 2001 to December 2003, when he lived with Patricia
and their child, he provided support for the child, and the support payments amounted to
"quite a bit more" than $750 a month. During this time of joint possession of the child,
Patricia in effect voluntarily relinquished to Kenneth rights to actual possession and control
of the child in excess of the rights set out in the divorce judgment. Id. § 157.008(a),(b). 
Kenneth provided the trial court documentation of the sums he paid to support the child. 
Kenneth also testified he supported Patricia during this period. 

 Patricia testified she never agreed to any offset against the child support obligation
during the time Kenneth lived in the house after the divorce. She explained, "[H]e just never
had enough money to pay for anything so he just never paid it." She also maintained
Kenneth lived "with or in property" she owned under the terms of the divorce decree, and he
never paid any rent to use this property. 

 Patricia further asserts that Kenneth cannot rely on the offset defense, because he filed
for bankruptcy in December 2004, and the bankruptcy trustee released any claims against
Patricia. The offset authorized by section 157.008 "operates only as a defense to a motion
to enforce an existing order[.]" In the Interest of A.M., 192 S.W.3d 570, 575 (Tex. 2006);
Tex. Fam. Code Ann. § 157.008. Kenneth is not making a "claim" that is governed by the
release against Patricia. The release signed by the bankruptcy trustee did not affect the
motion to enforce child support or Kenneth's entitlement to an offset for actual support. 

 Patricia argues Kenneth cannot claim an offset because the divorce judgment
expressly provides that the monthly payments are the "exclusive" method of payment of child
support. The statute authorizes the offset, however. See Tex. Fam. Code Ann. §
157.008(d). The record includes evidence of voluntary relinquishment in excess of any
court-ordered periods and of Kenneth's provision of`actual support for the child. Given the
circumstances here, Kenneth is entitled to an offset under the statute for the actual support
provided for the child. See id.; see also In the Interest of A.M., 192 S.W.3d at 576. The trial
court could reasonably find that the actual support provided was equal to the monetary
support obligation under the judgment, and that, during the time they lived together, Kenneth
was current on all child support obligations. See generally In the Interest of A.M., 192
S.W.3d at 576 (reasonable to presume actual support equated to monthly support obligation). 

 The record reveals that after Kenneth moved out of the house in December 2003, he 
did not always pay all of the $750 monthly child support. Approximately eight months of
non-payment or partial payment were involved. Kenneth explained he and Patricia agreed
he could make deductions from the monthly child support based on his payment of some of
Patricia's expenses, including cell phone charges and other bills. He asserted he was entitled
to credit on the child support payments because of Patricia's sale of some of his property. 
He testified that he now pays by cashier's check, and that he is current with his child
support. (4) 

 Agreements by parents to reduce or modify court-ordered child support obligations
without court approval are generally unenforceable. State v. Borchers, 805 S.W.2d 880, 882
(Tex. App.--San Antonio 1991, writ denied); Tex. Fam. Code Ann. § 154.124 (Vernon
Supp. 2006). The doctrine of estoppel rarely applies in child support cases. See LaRue v.
LaRue, 832 S.W.2d 387, 391 (Tex. App.--Tyler 1992, no writ). Under the limited
circumstances of this case, however, appellant's conduct, not any "agreement," supports
application of the equitable doctrine of estoppel. 

 Some courts have listed the elements of estoppel in the child support context as
follows: 1) a false representation or concealment of material facts; 2) made with knowledge,
actual or constructive, of those facts; 3) to a party without knowledge or the means of
knowledge of these facts; 4) with the intention that it should be acted on; and 5) the party to
whom the representation was made must have relied or acted on it to his prejudice. See In
the Interest of Moragas, 972 S.W.2d. 86, 89 (Tex. App.--Texarkana 1998, no pet.); Kawazoe
v. Davila, 849 S.W.2d 906, 909 (Tex. App.--San Antonio 1993, no writ); LaRue, 832 S.W.2d
at 392. Common-law fraud has similar elements. See, e.g., In re FirstMerit Bank, N.A., 52
S.W.3d 749, 758 (Tex. 2001). Generally, while fraud may be a basis for the application of
estoppel, fraud is not the only type of conduct which may result in estoppel. "Estoppel is an
equitable doctrine invoked to avoid injustice in particular cases." Heckler v. Cmty. Health
Servs. of Crawford County, Inc., 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984); see
also LaRue, 832 S.W.2d at 391. As discussed below, the doctrine applies here.

 The trial court heard testimony that Patricia represented to Kenneth that the divorce
was "fake," that no child support was owed, and that they would remarry in the future. 
Kenneth testified he did not sign his name to the waiver of citation, the agreed divorce
judgment, or a deed that conveyed real property belonging to him. The trial court heard
testimony Patricia forged his name and transferred his interest in the fifty-seven acres into
a trust for the child. Patricia asserted her privilege against self-incrimination and refused to
testify about property transfers. The trial court heard evidence that in reliance on Patricia's
representations, Kenneth made no child support payments until he moved out of the house
in December 2003. He further testified that after he moved out in December 2003, he paid
certain expenses for her and deducted the amount from the child support. Kenneth testified
Patricia told him she filed the motion to enforce to destroy him.

 Kenneth was entitled to the statutory offset for the actual support he provided from
2001 to December 2003. Furthermore, given Patricia's conduct, including her false
representations and concealment of material facts and Kenneth's detrimental reliance, the
trial court's denial of the motion is supported by equitable estoppel, even though no offset
may be applied to the remainder of the contested child support. We see no abuse of
discretion or reversible error. See Tex. R. App. P. 44.1(a). Issue one is overruled. 

 In her second issue, Patricia challenges the trial court's failure to award her attorney's
fees under section 157.167(d) of the Family Code. See Tex. Fam. Code Ann. § 157.167(d)
(Vernon Supp. 2006). That section essentially provides that a party who is in contempt of
court for failure to pay child support of more than $20,000 must pay attorney's fees and
costs. See id. The trial court did not find Kenneth in contempt of court, and the refusal to
find contempt is not an order over which this Court has jurisdiction. See Norman v. Norman,
692 S.W.2d 655 (Tex. 1985); In the Interest of M.P.M., 161 S.W.3d 650, 653 n.1 (Tex. App.--San Antonio 2005, no pet.). Issue two is overruled.

 In issue three, Patricia challenges the trial court's $10,000 sanction assessed against
her and the finding that her enforcement motion was frivolous. Relying on sections 10.001
and 10.005 of the Civil Practice and Remedies Code, she argues the trial court did not
adequately explain the basis for the sanction imposed. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 10.001, 10.005 (Vernon 2002). She complained to the trial court of the failure to
make separate findings of fact and conclusions of law. (5) 

 Kenneth sought sanctions under Rule 13 of the Texas Rules of Civil Procedure, and
not under the Civil Practice and Remedies Code. See Tex. R. Civ. P. 13; see also Tex. R.
App. P. 45. Patricia does not address Rule 13 or its requirements in her brief. See Tex. R.
App. P. 38.1(h). We see nothing in the record indicating she complained of the application
of Rule 13 in the trial court. See Tex. R. App. P. 33.1(a).

 The trial court may impose a sanction under Rule 13 only for good cause, "the
particulars of which must be stated in the sanction order." Tex. R. Civ. P. 13. Generally, a
court order of attorney's fees and costs under Rule 13 is to be specific and must explain what
is being ordered and why -- "particulars" that constitute good cause must be stated in the
sanction order. See Tex. R. Civ. P. 13; see also Campos v. Ysleta Gen. Hosp., Inc., 879
S.W.2d 67, 69 (Tex. App.--El Paso 1994, writ denied). The order here states the motion was
frivolous. This determination provides a basis for a sanction under Rule 13. The record
contains evidence establishing this basis for the sanction; we have summarized that evidence
in addressing the motion in issue one. The trial court did not order payment of all the
attorney's fees the evidence would support. Given the unusual circumstances presented in
this case, we see no error requiring reversal of the order imposing sanctions under Rule 13. 
Issue three is overruled. 

 The trial court's order is affirmed. 

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on May 31, 2007

Opinion Delivered July 26, 2007

 

Before McKeithen, C.J., Gaultney and Horton, J.J. 
1. Kenneth Hall argues this Court has no jurisdiction over the appeal because the trial
court denied a contempt motion. However, the motion to enforce also included a request for
a monetary judgment for the child support arrearage, which we have jurisdiction to address. 
See Tex. Fam. Code Ann. §§ 157.261, 157.262, 157.264 (Vernon 2002); Tex. Fam. Code
Ann. § 157.263 (Vernon Supp. 2006) (money judgment for arrearage); Beck v. Walker, 154
S.W.3d 895, 901 (Tex. App.--Dallas 2005, no pet.) (appeal from a money judgment for child
support arrearage).
2. Other witnesses also testified the Halls continued to live together until 2003.
3. Kenneth abandoned a bill of review proceeding attacking the divorce judgment, and
he does not argue that the judgment is void. At the trial of Patricia's enforcement motion,
he asserted common law marriage, among other things, as a defense to the requirement of the
child support payments. He offered no proof of a declaration or registration of informal
marriage, and he admitted he never thought of common law marriage until he spoke with his
attorney "[r]ight after [he] got sued with this lawsuit." See Tex. Fam. Code Ann. §§
2.401(a)(2), 2.402(a)(1) (Vernon 2006). Because of our rulings on offset and estoppel, we
do not address the common-law marriage issue under section 2.401(a)(2).
4. Patricia's written summary of the child support payments indicates that, beginning
in October 2004, Kenneth paid the full $750 per month with the exception of one partial
payment in January 2005. 
5. The trial court did not make findings of fact and conclusions of law though Patricia
requested them and filed a notice that they were "past due." She points out this failure on
appeal, but does not ask us to reverse on that ground. Instead, she addresses affirmative
defenses on which Kenneth presented evidence to the trial court. The trial court's failure to
file the requested findings may be presumed harmful unless the record affirmatively shows
no harm resulted to the requesting party. See Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex.
1996); Larry F. Smith, Inc. v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex. App.--Dallas
2003, pet. denied). Failure to file findings of fact and conclusions of law, however, does not
require reversal if uncontroverted evidence shows a basis for the trial court's judgment. Las
Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex. 1984).