**SPEARS DAIRY, Inc., v. DAVIS et al.**

No. 3347.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 11, 1939.

Rehearing Denied Jan. 18, 1939.

Smith, Smith & Boyd and Victor E. Ippolito, all of Beaumont, for appellant.

D. F. Sanders and Jno. A. Veillon, both of Beaumont, for appellees.

WALKER, Chief Justice.

This appeal was prosecuted from a judgment of the County Court of Jefferson County at Law. The action was by "Lilla Ruth Davis, a minor, suing herein by her next friend, A. L. Davis, who resides in Jefferson County, Texas," appellees, against Spears Dairy, Inc., appellant. Appellees thus state the nature of their cause of action, quoting from their petition:

"That on or about the 25th day of July, 1937, the Plaintiff was riding in an automobile on Park Street within the corporate limits of the City of Beaumont, going in a northerly direction; and at and close to the intersection of Park and Gilbert Streets,

the Defendant was operating a truck or an automobile on Park Street, going in a southerly direction, used in the delivery of milk, said truck was being driven and operated by an agent and employee of the Defendant whose name is unknown to the Plaintiff; at said intersection of Park and Gilbert Streets; the Defendant's truck was traveling on Park Street going in a southerly direction at the rate of speed of about forty miles per hour, and that another car was traveling on Gilbert Street, going in a westerly direction on Gilbert Street, and when said other automobile which was being driven by a man named Johnson reached the intersection of said streets, proceeded to cross Park Street at said intersection; and that the Defendant's truck or automobile ran into and struck said Johnson car with such force and violence that it knocked the same from the northwest corner of said intersection to the southeast corner thereof, to the place where the car in which the Plaintiff was riding was, and the Defendant's automobile also ran from the northwest corner to the southeast corner of said intersection into Plaintiff's automobile with great force and violence, thereby tearing and demolishing the said automobile and inflicting serious bodily injuries in that the Plaintiff's right shoulder was bruised, thrown out of place and the bones dislocated, which injuries have caused this Plaintiff to suffer great pain and mental anguish and will continue in the future to cause this Plaintiff great pain and mental anguish to her damages in the sum of Eight Hundred Dollars ($800.00)."

On the answers of the jury to the issues submitted by the court's charge, under the petition and answer, appellees were given judgment for $400.

■ Appellees' petition was subject to appellant's exception that they failed to allege facts authorizing A. L. Davis, as "next friend," to prosecute the suit for Lilla Ruth Davis; appellees should have alleged facts bringing the next friend within the provisions of Art. 1994, R.C.S.1925. But this exception presents immaterial error. Appellant was not surprised by the ruling, nor denied the right to offer any evidence it had in defense, nor was it surprised by any evidence offered by appellees under its pleading. The evidence as offered supported the right of Mr. Davis to prosecute this suit as next friend.

■ Special issue No. 1, "Do you find from a preponderance of the evidence that the Plaintiff, Lilla Ruth Davis, sustained an injury in a collision at the intersection of Park and Gilbert Streets on July 25, 1937?" was not subject to the objection "that said issue is not confined to the specific allegations as to the injuries contained in Plaintiff's petition and permits the jury to go afar and afield from Plaintiff's petition and her said allegations in arriving at an answer to said issue." This issue simply directed the jury's attention to the time and the circumstances of the injury to Lilla Ruth Davis, and inquired whether or not she received an injury. The objection does not point out any circumstance in evidence which the jury could have considered to appellant's prejudice.

■ Special issue No. 7, "Do you find from a preponderance of the evidence that the defendant's driver could have changed the course of his automobile to the left on Gilbert Street and avoided the collision?" was not subject to the exception that it was without support in the evidence. All the circumstances were before the jury, and it was its province to say whether or not defendant's driver could have changed the course of his automobile to the left in time to avoid the collision.

■ By its fourth proposition, appellant complains that the verdict was excessive. True, no bones were broken, but Lilla Ruth Davis received a scratch on her shoulder, "a bruise and shaking up," and quoting from appellant's proposition, "suffered at the most only about two weeks." The evidence supports the finding of $400.

■ Lilla Ruth Davis was not a passenger in either of the cars involved in the collision. The jury found that the drivers of these two cars were each negligent. The evidence does not support, and we overrule appellant's exception, that the negligence of Elton Johnson, the driver of the car that collided with appellant's truck, "constituted a new and independent cause."

■ The court did not err in refusing to give appellant a peremptory instruction on the ground that its driver, "upon the occasion questioned was not guilty of any act or acts of negligence." Appellant predicates this proposition upon certain estimates of distance given by a witness of the accident. His estimates were only approximate, and it was the province of the jury to construe the testimony of this wit-

ness in connection with all the facts and circumstances in the record. The issues of negligence submitted by the court's charge, and found against it by the jury's verdict, were raised by the evidence.

■ We have given above special issue No. 1. The issues of negligence were prefaced with the following introduction: "If you have answered special issue number 1 'Yes,' then answer the following:" Appellant excepted to this general introduction of the issues of negligence on the ground that they "improperly and unduly emphasize in the minds of the jury the thought of injuries to plaintiff and as framed tend to divert and draw away the minds of the jurors from an impartial, cool and unencumbered consideration as to whether defendant was guilty of alleged independent acts of negligence charged and said issues, as framed, will cause or tend to cause the jury to believe that said issues should be answered in the affirmative if they were of the opinion that plaintiff suffered any injuries, however minor, and it was reversible error for the trial court to submit such special issues over defendant's objection on such ground." The court's charge was not subject to these exceptions. There was nothing involved, nor obscure, nor doubtful about the submission of special issue No. 1. Any juror of average intelligence—of any intelligence—would have known that appellees could not recover under a negative answer to that issue; so, if the introduction to the issues submitting negligence was technically objectionable, the error was harmless and appellant was not injured thereby. By propositions 8, 9, 10, 11, 12, 13, 14, 15, and 16, appellant brings forward the same general proposition as it relates to other issues, that is, that these issues were predicated upon an affirmative answer to some other issue. What we have said above also answers these propositions.

■ We give special issue No. 13:

"What sum of money, if any, paid now in cash would fairly and reasonably compensate the plaintiff for the damages, if any, she sustained?

"In answering the above special issue you may take into consideration the pain and suffering she has suffered from the date of the injury to the present date."

Appellant excepted to this issue "on the ground that Plaintiff is not entitled to recover any sum of money against this defendant because said issue as framed is on the weight of the evidence and assumes that Plaintiff is entitled to some damages, and that it was reversible error for the trial court to submit such issue over defendant's objection on such ground," and further "that said issue as framed is on the weight of the evidence and assumes that Plaintiff suffered pain and was subject to pain and suffering and/or in the present and/or in the future as a result of some conduct on the part of defendant, which would make defendant liable to Plaintiff therefor, and it was reversible error for the trial court to submit such issue over defendant's objection on such ground." These objections are overruled. It was shown by the undisputed evidence that Lilla Ruth Davis was in fact injured; on that point the only issue before the jury was the extent of her injury, and as to this issue the charge was not on the weight of the evidence.

The evidence raised against appellant the issue that the driver of its truck, "failed to keep a proper lookout," and that such negligence was a proximate cause of the injury to Lilla Ruth Davis.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.