## SPEARS DAIRY v. DAVIS et al.

### No. 3375.

Court of Civil Appeals of Texas. Beaumont.

Feb. 9, 1939.

Rehearing Denied Feb. 22, 1939.

Chilton O'Brien and Smith, Smith & Boyd, all of Beaumont, for plaintiff in error.

J. A. Veillon and D. F. Sanders, both of Beaumont, for defendants in error.

WALKER, Chief Justice.

This is a companion case with Spears Dairy, Inc. v. Lilla Ruth Davis et al., Tex. Civ.App., 124 S.W.2d 159, opinion affirming judgment of the lower court handed down on the 29th day of December, 1938. We have read the entire statement of facts on this appeal to determine whether any new fact was developed, distinguishing this case from the Lilla Ruth Davis case. It is our conclusion that, on the determinative issues, there is no distinction between the two cases. For the most part, this appeal is presented upon the same propositions and assignments of error reviewed in the Lilla Ruth Davis case, and insofar as they are the same, they are overruled.

The verdict in this case of $800 was not excessive. The evidence raised the issue that John Arthur Davis, a little boy three years old, was severely injured—he had a severe blow on his head; suffered a severe head injury; the head bones were probably injured; he suffers a discharge from one of his ears as a result of his injury.

As fundamental error appellant attacks the charge of the court in certain respects; we say as "fundamental error" because the point was not raised by an exception to the charge. The point is overruled.

If it be conceded that the evidence does not support the finding on the issue

of "turning to the left," the point is immaterial; the evidence clearly supports the findings of negligence and proximate cause on the issues of the rate of speed at which appellant's truck was being operated.

 The assignment that the jury was guilty of misconduct was submitted on conflicting testimony; the judgment of the court overruling the motion for new trial on this point has support.

The judgment should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

### On Rehearing.

Appellant assigns error against our discussion of the theory of "fundamental error." It says that the proposition we construed as constituting fundamental error was "directed to the insufficiency of the evidence to sustain the findings of the jury given in answer to special issues inquiring as to the doing of certain acts by one Elton Johnson." On this construction of appellant's proposition, we say that, if certain answers of the jury were without support in the evidence, the answers to other issues supporting the judgment do have support.

We quote from appellant's motion: "Appellant then contended and now contends that the materiality of the answers to the issues above referred to and the harm to which appellant was subjected by reason of the jury's answers to those issues arose from the conditional submission of certain other issues."

It was on this theory of appellant's brief that we based our conclusion of fundamental error. No exception was reserved to the conditional submission of certain issues, and no point based thereon can now be considered.

We quote again from appellant's motion: "We do not believe the Court can properly dispose of this matter by saying to appellant—'You come too late; you should have objected to the form of the submission of these issues.' To so answer appellant's contentions would be, in effect to say to appellant—'You should have anticipated that the jury would answer Special Issue No. 38 in the negative, even though all of the evidence presented before them was without dispute and called for an affirmative answer to the issue.'"

Special Issue No. 38 was duly submitted to the jury, and appellant was required to reserve against it the exceptions necessary to preserve and protect its defense; since the issue was submitted by the court's charge, appellant was required to anticipate that the jury might answer it in the negative. Not having reserved its exceptions, no assignment against the form of the issue is now available to appellant, nor that its form mislead the jury in answering their issues, nor took from them the right to answer other issues.

All other assignments presented by the motion for rehearing have been carefully considered, and it is in all things overruled.