Barry R. **BRINK** and Lela
W. Brink, Appellants,

v.

**FIDELITY BANK OF FORT
WORTH,** Appellee.

No. 02–97–014–CV.

Court of Appeals of Texas,
Fort Worth.

March 12, 1998.

Sharpe & Tillman, J. Shelby Sharpe, Fort Worth, for Appellant.

Camp & Warren, Robert L. Warren, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

In 1986, Appellants Barry and Lela Brink ("the Brinks") took out two loans totaling $656,235.95 from Appellee Fidelity Bank of Fort Worth ("Fidelity"). Each loan was secured by a separate piece of real property. The Brinks defaulted on both loans, and Fidelity foreclosed on both pieces of property. The deficiencies, totaling $216,507.71, began accruing interest of 10.5 percent annually at the date of foreclosure.

Nearly eighteen months after the foreclosures, the Brinks borrowed $241,510 from another institution. Two days before the four-year statute of limitations ran,[1] Fidelity filed suit against the Brinks to collect the deficiencies. The case was submitted to the trial court on stipulated facts. On appeal, the Brinks bring a single point arguing that the trial court erred as a matter of law in ruling that the defense of laches was inapplicable to the facts.

■■■■ The defense of laches precludes a plaintiff from asserting legal rights after an unreasonable delay against a defendant who has changed his position in good faith and to his detriment because of the delay.[2] The defense is only available in extraordinary cases.[3] Laches may be a valid defense even

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986).

2. *See Rogers v. Ricane Enter.,* 772 S.W.2d 76, 80 (Tex.1989).

3. *See Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167, 170 (Tex.1944); *Buzbee v. Castlewood Civic*

when the statute of limitations would otherwise permit an action.[4]

■ The interest accruing on the deficiencies changed the Brinks' financial position to their detriment, as did their taking out another loan. Fidelity did not allege either that the Brinks' failure to pay the deficiencies or that their accepting additional debt stemmed from bad faith. At issue, then, is only: (1) whether a bank's waiting four years to file suit on deficiencies constitutes unreasonable delay; and (2) whether accrual of interest on deficiencies or assumption of additional debt constitutes an extraordinary case.

We find that neither the fact that interest accruing on deficiencies nor the fact that the Brinks assumed additional debt elevated their circumstance to an extraordinary case. Therefore, the defense of laches does not apply to this case. Consequently, we decline to address whether a bank waiting nearly four years to file suit on deficiencies constitutes unreasonable delay. We overrule the Brinks' sole point and affirm the trial court's judgment.

*Club*, 737 S.W.2d 366, 369 (Tex.App.—Houston [14th Dist.] 1987, no writ).

*Club*, 737 S.W.2d 366, 369 (Tex.App.—Houston [14th Dist.] 1987, no writ).

4. *See Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170 (Tex.1944); *Buzbee v. Castlewood Civic*