Jack Wayne BREWER, Appellant,

v.

NATIONSBANK OF TEXAS, N.A., Appellee.

No. 13–99–684–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2000.

Robert R. Durbin, Houston, for Appellant.

Eric Scott Lipper, Houston, Stephen G. Scholl, Hirsch & Westheimer, Houston, for Appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

**O P I N I O N**

Opinion by Justice HINOJOSA.

Appellant, Jack Wayne Brewer, appeals from the trial court's order granting a summary judgment in favor of Nationsbank of Texas, N.A. ("the Bank"). In two issues, appellant contends the trial court erred in granting the Bank's motion for summary judgment because the Bank did not prove his breach of contract claim was barred by either limitations or laches. We reverse and remand.

## A. BACKGROUND AND PROCEDURAL HISTORY

Appellant was living on his sailboat in Guatemala in November 1994, when he ordered new checks delivered to his private mailbox in Houston. On November 7, 1994, two forged checks were written on appellant's checking account at the Bank. Check number 1313 was made in the amount of $3,300 and check number 1315 was made for $3,800.[1] On November 14, 1994, the Bank paid the checks from appellant's account.

Appellant first learned of the forgeries in January 1995, when he received his bank statement. That month, he contacted the Bank and informed it of the forgeries. The Bank requested affidavits that the checks were forgeries, and appellant provided them in June 1995. The Bank

---

1. The forged checks were made payable to two credit card accounts. The two accounts belonged to an employee of the private mailbox company where appellant had his new checks sent, strongly implicating the employee in the theft and forgery of the checks.

refused to credit appellant's account for the amount of the forged checks.

In September 1995, appellant's attorney wrote the Bank, demanding that the Bank credit appellant's account with the full amount of the forgeries, but the Bank refused to credit appellant's account. In December 1997, appellant's attorney sent the Bank another letter in which he threatened to sue the Bank if appellant's account was not credited with the full amount of the forgeries. The Bank again refused to credit appellant's account. In April 1998, appellant sued the Bank for conversion, negligence, gross negligence, breach of contract, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA").

On April 16, 1999, the trial court granted the Bank's first motion for summary judgment on appellant's causes of action for conversion, negligence, gross negligence, and DTPA violations. On June 15, 1999, the trial court granted the Bank's second motion for summary judgment on appellant's breach of contract and breach of fiduciary duty claims.

In two issues, appellant complains the trial court erred in granting the Bank's second motion for summary judgment on his breach of contract claim. The Bank's second motion for summary judgment was based on the grounds that appellant's breach of contract claim was barred by: (1) the three-year statute of limitations found in Texas Business & Commerce Code section 4.111, which became effective January 1, 1996, and (2) the doctrine of laches. Appellant contends the Bank did not prove his breach of contract claim was barred by either limitations or laches.

At oral argument, the Bank conceded that appellant's claim was governed by a four-year statute of limitations because appellant's cause of action accrued prior to January 1, 1996, the effective date of Texas Business & Commerce Code section 4.111. Because appellant's claim for breach of contract is not barred by limita-

tions, the only issue before us is whether his breach of contract claim is barred by laches.

### B. Standard of Review

▮▮▮ Summary judgment is designed to eliminate unmeritorious claims or untenable defenses. *Turner v. Richardson Indep. Sch. Dist.*, 885 S.W.2d 553, 557 (Tex.App.—Dallas 1994, writ denied). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). When reviewing a summary judgment, an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see* Tex.R. Civ. P. 166a.

When the defendant moves for summary judgment, the motion is properly granted only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). A defendant's motion for summary judgment should be granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the elements of an affir-

mative defense as a matter of law. *Grinnell*, 951 S.W.2d at 425; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995).

Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to offer any issue or evidence that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When a defendant moves for summary judgment, a plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex. 1970). Alternately, the plaintiff can defeat the motion by conceding the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. *Estate of Devitt*, 758 S.W.2d 601, 601 (Tex.App.—Amarillo 1988, writ denied). If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for summary judgment can be sustained. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Weakly v. East*, 900 S.W.2d 755, 758 (Tex.App.—Corpus Christi 1995, writ denied); *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied).

### C. Laches

 Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time. *Green v. Parrack*, 974 S.W.2d 200, 203–04 (Tex. App.—San Antonio 1998, no pet.); *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 912 (Tex.App.—Houston [1st Dist.] 1995, writ denied). To prevail, the party asserting laches must show two elements: (1) there was an unreasonable delay by the other party in asserting legal or equitable rights, and (2) the party asserting laches made a good faith change in position to his detriment because of the delay. *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex.1998); *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989). Delay coupled with disadvantage to another are essential elements of laches. *In the Interest of Moragas*, 972 S.W.2d 86, 92 (Tex.App.—Texarkana 1998, no writ); *Keene v. Reed*, 340 S.W.2d 859, 860 (Tex.Civ.App.—Waco 1960, writ refused). Laches is usually available only in suits strictly in equity or in actions at law that involve claims of an essentially equitable character. *Moragas*, 972 S.W.2d at 92; *Ex parte Payne*, 598 S.W.2d 312, 318 (Tex.Civ.App.—Texarkana 1980, no writ). The party asserting laches has the burden of proving it. *Green*, 974 S.W.2d at 203–04; *Jamail v. Stoneledge Condominium Owners Ass'n*, 970 S.W.2d 673, 676 (Tex.App.—Austin 1998, no pet.).

### D. Suit Filed Within Limitations Period

 Laches should not bar an action on which the statute of limitations has not run unless allowing the action "would work a grave injustice." *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170–71 (Tex.1943). Generally, in the absence of some element of estoppel or such extraordinary circumstances as would render inequitable the enforcement of the petitioner's right after a delay, laches will not bar a suit short of the limitations period. *Caldwell*, 975 S.W.2d at 538; *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 840 (Tex.1968); *K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 158 Tex. 594, 314 S.W.2d 782, 790–91 (Tex.1958); *Moragas*, 972 S.W.2d at 92.

 Here, the Bank has conceded that appellant's breach of contract claim is not barred by the statute of limitations. Therefore, to succeed on its claim of laches, the Bank must show that:

(1) there was an unreasonable delay by appellant in asserting his breach of contract claim against the Bank;

(2) the Bank made a good faith change in position to its detriment because of the delay; and

(3) there is some element of estoppel or such extraordinary circumstances that it would be inequitable to allow appellant to proceed with his breach of contract claim against the Bank after the delay.

 There is no bright-line rule defining such estoppel or extraordinary circumstances, but Texas courts have analyzed various fact situations to determine whether the circumstances pleaded justify the application of laches to bar a case when the statute of limitations has not run. The Texas Supreme Court has reviewed several such cases. *Caldwell,* 975 S.W.2d at 539; *Barfield,* 426 S.W.2d at 840; *K & G,* 314 S.W.2d at 790–91; *Culver,* 176 S.W.2d at 170–71.

In *Caldwell,* the petitioner sought a bill of review, just within the applicable four-year statute of limitations, to set aside a Colorado default judgment in an action in which he was never served. *Caldwell,* 975 S.W.2d at 539. The supreme court held that laches did not bar the claim where the petitioner's explanation for the delay was "that he believed he could not hope to have the judgment set aside without evidence supporting his contention that he was never served." *Id.*

In *Barfield,* a landlord delayed nearly four years in suing for unpaid rent on a lease after a tenant had vacated the premises. *Barfield,* 426 S.W.2d at 840. The court held that laches did not bar the claim, even though the landlord offered no explanation for the delay, and the tenant argued that if he had known of the landlord's claim earlier, he would have tried to set aside the lease or use the premises. *Id.*

In *K & G,* laches was not a bar where the defendant in an action for misappropriation of trade secrets argued that the plaintiff's action, even though filed within the limitations period, should be barred by laches because the defendant continued to develop and market the product with the information the plaintiff claimed to be proprietary. *K & G,* 314 S.W.2d at 790–91.

In *Culver,* laches did not bar an action for constructive trust on which limitations had not run because the defendants had not been prejudiced by any delay. *Culver,* 176 S.W.2d at 170–71.

The Texas Courts of Appeals have also reviewed cases in which laches has been asserted in an action filed before the limitations period expired. *Moragas,* 972 S.W.2d at 92–93; *Brink v. Fidelity Bank of Fort Worth,* 966 S.W.2d 684, 684–85 (Tex.App.—Fort Worth 1998, no pet.); *Bluebonnet,* 907 S.W.2d at 911–12; *Wakefield v. Bevly,* 704 S.W.2d 339, 345 (Tex. App.—Corpus Christi 1985, no writ).

In *Moragas,* the court held that laches did not bar an ex-wife's action for child support arrearage brought within the limitations period, even though: (1) the ex-husband alleged the ex-wife had falsely stated in her affidavit for citation by publication for the divorce action that he was unlocatable, (2) the ex-wife had waited thirteen years to enforce the child support decree, and (3) the child in question was less than one month short of his twenty-second birthday. *Moragas,* 972 S.W.2d at 92–93.

In *Brink,* a bank waited until two days before the applicable limitations period ran to sue the defendants for a deficiency on two foreclosures. *Brink,* 966 S.W.2d at 684–85. The court held that neither accrual of interest on deficiencies nor the assumption of additional debt by the defendants constituted an extraordinary circumstance. *Id.* at 685.

In *Bluebonnet,* laches did not bar the action where the defendant in a deficiency suit claimed that, but for the plaintiff's delay, he would have obtained alternate financing. *Bluebonnet,* 907 S.W.2d at 911–12.

In *Wakefield,* this Court held that the defendant's "loss of memory," inability to

review documentary evidence, and the plaintiff's ability to exert coercive economic pressure on witnesses did not establish laches in a case filed before the limitations period had run. *Wakefield,* 704 S.W.2d at 345.

After reviewing the record in light of the above-discussed case law, we conclude the Bank has not established as a matter of law that appellant's claim is barred by laches. The Bank pleaded only that due to appellant's delay in filing his lawsuit it had lost the ability "to seek recovery of its losses from other parties."[2] The Bank merely pleaded the second element of laches. It did not raise a claim of estoppel or extraordinary circumstances. Further, the Bank's summary judgment evidence does not show any estoppel or such extraordinary circumstances that would make it inequitable to allow appellant to proceed with his claim after the delay.

We hold the Bank did not prove as a matter of law that it was entitled to assert laches as a bar to appellant's cause of action for breach of contract. We further hold the trial court erred in granting the Bank's motion for summary judgment on the ground of laches. Appellant's second issue is sustained.

Because the Bank has conceded that appellant's breach of contract claim is not barred by limitations, we hold the trial court erred in granting the Bank's motion for summary judgment on this ground. We sustain appellant's first issue.

We reverse the trial court's order granting summary judgment on appellant's breach of contract claim. We remand the case to the trial court for further proceedings consistent with this opinion.

---

2. The Bank could have taken advantage of any and all remedies available to it, including pursuing civil and criminal remedies against the forger, the private mailbox company, and the other banks involved in the payment of the forged checks.