**BML STAGE LIGHTING, INC. and Carbine Management, Inc., Appellants,**

v.

**MAYFLOWER TRANSIT, INC., Appellee.**

No. 14–98–00887–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 5, 2000.

Barbara L. Emerson, Dallas, for appellants.

Steven C. Malin, McKinney, for appellees.

* Senior Justices Ross A. Sears, Joe L. Draughn, and D. Camille Hutson–Dunn sitting by as-

Panel consists of Justices SEARS, DRAUGHN and HUTSON–DUNN.*

## OPINION ON REHEARING

JOE L. DRAUGHN, Justice, Assigned.

Mayflower has filed a motion for rehearing and motion for rehearing en banc from our original opinion, in which we denied Mayflower a common law or contractual lien on goods in its possession owned by a third party, BML Stage Lighting and Carbine Management (collectively BML). *BML Stage Lighting, Inc. v. Mayflower Transit, Inc.*, 14 S.W.3d 395 (Tex.App.— Houston [14th Dist.] 2000). In our opinion, we reversed and remanded for a new trial on BML's conversion counterclaim against Mayflower. While we change nothing in our opinion or disposition of the appeal, we write separately to further explain why remand is appropriate for the conversion counterclaim.

## BACKGROUND

The trial court submitted questions to the jury on two distinct causes of action. The first question was whether Mayflower had a lien on BML's lighting equipment. The jury answered this question affirmatively. The second question, which was conditioned on a negative answer to the first question, was whether Mayflower converted BML's lighting equipment. Thus, the jury did not reach the second question because it found that a lien existed. On appeal, we held that as a matter of law Mayflower could not assert a lien on the property. We remanded for a new trial on BML's conversion counterclaim.

## APPLICATION

Mayflower's motion for rehearing and motion for rehearing en banc claims that

signment.

(1) BML waived the right to a remand of their counterclaim by failing to object to the improper conditioning of the conversion question on the jury's answer to the lien question and (2) this appeal is moot because Mayflower has already sold the lighting, pocketing the revenue from the sale. We have fully addressed the latter argument in our original opinion. We write only to address the first, newly raised argument.

■ First, Texas Rule of Appellate Procedure 43.3(b) permits this court to remand for a new trial in the interests of justice. *See* TEX.R.CIV.P. 43.3(b); *Texas Parks & Wildlife Dept. v. Wilson,* 991 S.W.2d 93, 97 n. 9 (Tex.App.—Austin 1999), *pet. denied,* 8 S.W.3d 634 (Tex.1999) (per curiam); 6 MCDONALD & CARLSON, TEX. CIV.PRAC. § 33.14 (1998). Having found as a matter of law that Mayflower had no valid lien to assert against BML's lighting equipment, it would be an injustice to render a judgment permitting Mayflower to nonetheless keep the value of the lighting. The error was in submitting the lien issue; once submitted, conditioning the conversion question was proper to avoid conflicting answers. BML's objective was leveled at the appropriate issue. To hold now that BML's failure to object to proper conditioning entitles Mayflower to retain the value of BML's property is an extreme elevation of form over substance. Thus, because the jury was never allowed to reach BML's conversion counterclaim, we hold that remand for a new trial on this claim is appropriate in the interest of justice.

Second, we believe that the case law cited by Mayflower in its motion for rehearing is distinguishable. Mayflower cites numerous cases for the proposition that failure to object to improper conditional submission of an issue waives remand of the issue after appeal.[1] In each of these cases, one or more elements of a single cause of action were submitted in several special issues, and the issues on latter elements were conditioned upon the jury's answer to a previous special issue. In this case, however, the conversion counterclaim is a distinct cause of action from Mayflower's illegal assertion of a lien, not merely an element of the same cause of action.

■ Finally, Mayflower's argument presumes that the conditioning language in the conversion counterclaim is improper. We do not make this presumption. *Cf. Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 445 n. 1 & 2 (Tex.1971) (where conversion question was predicated upon finding of no lien against certain furniture owned by appellants). A litigant is entitled to have controlling questions submitted to the jury. *See Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 718 (Tex.1995). A controlling question is one that determines the outcome of the case. *See* 4 MCDONALD & CARLSON, TEX.CIV.PRAC. § 22:14 (1992). If the charge resolves the controlling issues in a feasible manner that does not confuse the jury, no error occurs. *See Connell Chevrolet Co., Inc. v. Leak,* 967 S.W.2d 888, 894 (Tex.App.—Austin 1998, no pet.). Further, "the judicious employment of conditions has many advantages," such as simplifying the charge,

---

1. *Bay Petroleum Corp. v. Crumpler,* 372 S.W.2d 318, 320 (Tex.1963); *Little Rock Furniture Mfg. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985, 989–91 (1949); *Speed v. Eluma Int'l, Inc.* 757 S.W.2d 794, 800 (Tex.App.—Dallas 1988, writ denied); *Whiteside v. Tackett,* 229 S.W.2d 908, 910–11 (Tex.Civ.App.—Austin 1950, writ dism'd); *Bankers Standard Life Ins. Co. v. Atwood,* 205 S.W.2d 74, 77 (Tex.Civ.App.—Austin 1947, no writ); *Spears Dairy v. Davis,* 125 S.W.2d 382, 383 (Tex.Civ.App.—Beaumont 1939, no writ); *Texas Employers' Ins. Ass'n v. Ray,* 68 S.W.2d 290, 295 (Tex.Civ. App.—Fort Worth 1933, writ ref'd).

clarifying the jury's task, avoiding findings on immaterial questions, and forestalling conflicting findings. *See* McDonald & Carlson, Tex.Civ.Prac § 22:30(a). The lien question, once submitted (albeit erroneously), was the controlling question in this case. An affirmative answer to it resolved the case in Mayflower's favor, and all other theories of liability advanced in this case became immaterial. The conditioning language prevented conflicting findings that Mayflower had a lien on the lighting and that Mayflower converted the lighting. For these reasons, we disagree with Mayflower's contention that the conversion question contained improper conditioning to which BML had to object or waive its right to appellate relief.

Accordingly, we overrule Mayflower's motion for rehearing.