

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00755-CV

**In the Estate of Aminta Perez-Muzza**

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2007PB7000089 L2
Honorable Jesus Garza, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: March 14, 2018

AFFIRMED

Veronica Peña filed suit contesting the validity of the will of Aminta Perez-Muzza, in which Perez-Muzza devised her entire estate to Rolando Peña. The trial court entered an order granting Veronica's traditional motion for summary judgment and setting aside its previous order admitting the will to probate. On appeal, Rolando contends there is a genuine issue of material fact regarding the laches defense he asserted in response to Veronica's motion. We affirm the judgment of the trial court.

### BACKGROUND

Several months prior to her death in 2007, Perez-Muzza executed a will devising all of her real and personal property to her nephew, Rolando, and naming him the independent executor of

her estate.[1] On December 13, 2007, the trial court admitted the will to probate. On August 20, 2008, the trial court signed an order approving the final account of estate assets filed by Rolando.

On December 10, 2009, Veronica filed suit contesting the validity of the will. In 2012, the trial court dismissed the case for want of prosecution. Veronica appealed, and this court reversed the dismissal and remanded the cause to the trial court, holding the trial court failed to provide Veronica with notice of the dismissal. *See In the Estate of Perez-Muzza*, No. 04–12–00178–CV, 2013 WL 979128, at *1 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.). In 2013, the trial court again dismissed the case on the grounds that Veronica lacked proper standing to bring the will contest. This court reversed and remanded the cause to the trial court. *See In re Estate of Perez-Muzza*, 446 S.W.3d 415, 418 (Tex. App.—San Antonio 2014, pet. denied).

Veronica filed a traditional motion for summary judgment in which she asked the trial court to set aside its previous order admitting the will to probate because the witnesses who signed the will did not do so in Perez-Muzza's presence. *See* TEX. EST. CODE ANN. § 251.051 (West 2014) (requiring that wills be "attested by two or more credible witnesses who are at least 14 years of age and who subscribe their names to the will in their own handwriting in the testator's presence"). Rolando did not dispute the witnesses did not sign the will in Perez-Muzza's presence. Instead, Rolando filed a response to Veronica's motion, claiming the doctrine of laches bars Veronica's will contest. On October 19, 2016, the trial court signed an order granting Veronica's motion for summary judgment and setting aside its previous order admitting the will to probate. Rolando appeals.

---

[1] At the same time, Perez-Muzza also executed a deed transferring her ranch in Zapata, Texas to Rolando. In May 2009, maternal relatives of Perez-Muzza, including Veronica, sued Rolando to invalidate the deed. The record indicates the lawsuit seeking to invalidate the deed was abated pending resolution of this case.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). In a traditional motion for summary judgment, summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The movant bears the burden to show no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

Once a plaintiff proves she is entitled to judgment as a matter of law on every element of her claim, the burden shifts to the defendant to produce evidence creating a genuine issue of material fact as to the challenged element or elements in order to defeat the summary judgment. *Marx v. FDP, LP*, 474 S.W.3d 368, 377 (Tex. App.—San Antonio 2015, pet. denied). A defendant relying on an affirmative defense to defeat a motion for summary judgment must present sufficient evidence to raise a genuine issue of material fact on each element of that defense. *Id.* at 378.

## DISCUSSION

Rolando does not dispute Veronica proved as a matter of law the will was invalid because the witnesses did not sign the will in Perez-Muzza's presence. Instead, Rolando contends the trial court erred by granting summary judgment because a genuine issue of material fact exists as to his laches defense.

The affirmative defense of laches precludes a plaintiff from asserting a legal or equitable right after an unreasonable delay against a defendant who has changed his position in good faith and to his detriment because of the delay. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 603 (Tex.

App.—San Antonio 2005, no pet.). As a general rule, laches is inappropriate when a statute of limitations applies to the cause of action. *Anderson Energy Corp. v. Dominion Oklahoma Texas Expl. & Prod., Inc.*, 469 S.W.3d 280, 300 (Tex. App.—San Antonio 2015, no pet.). To prevail on a laches defense where the cause of action was filed within the applicable statute of limitations, the defendant must additionally show "extraordinary circumstances" that would work a "grave injustice." *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *Fox v. O'Leary*, No. 03-11-00270-CV, 2012 WL 2979053, at *3 (Tex. App.—Austin July 10, 2012, pet. denied) (mem. op.).

In this case, Veronica filed her suit contesting the will two days before the statute of limitations expired.[2] Thus, to defeat Veronica's motion for summary judgment with a laches defense, Rolando was required to show the circumstances of this case are so "extraordinary" that allowing Veronica to prosecute her will contest would work a "grave injustice." *See Fox*, 2012 WL 2979053, at *3. Texas courts have examined a variety of scenarios where the circumstances were not so "extraordinary" as to bar a suit filed within the statute of limitations. *See Brewer v. Nationsbank of Texas, N.A.*, 28 S.W.3d 801, 805 (Tex. App.—Corpus Christi 2000, no pet.) (discussing cases where courts have refused to allow defendants to assert a laches defense to claims filed within the applicable statute of limitations).

For example, in *Brink v. Fidelity Bank of Fort Worth*, defendants asserted a laches defense when a bank sued them to collect a deficiency from a foreclosure sale two days prior to the expiration of the four-year statute of limitations. 966 S.W.2d 684, 684 (Tex. App.—Fort Worth 1998, no pet.). The court held that although defendants had taken out another loan from another

---

[2] Will contests must be filed within two years of the trial court's order admitting the will to probate. TEX. EST. CODE ANN. § 256.204(a). The trial court here entered its order admitting the will on December 13, 2007. Veronica filed her suit contesting the will on December 10, 2009.

institution and interest had accrued on the deficiencies, defendants could not assert a laches defense because the case presented no extraordinary circumstances. *Id.* at 685.

In *Ayers v. Greater Houston Pipe, L.C.*, a vehicle restoration company abandoned a Corvette in Greater Houston Pipe, L.C.'s (GHP) warehouse, and GHP subsequently sold the vehicle, which changed hands twice and underwent $18,000 worth of repairs and restoration. No. 01-98-01022-CV, 2000 WL 1678443, at *1–*2 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, no pet.) (mem. op.). Approximately two years after last inspecting the vehicle, Ayers, the original owner of the Corvette, discovered the vehicle was missing and sued GHP, contending GHP did not have a valid lien or the right to sell the Corvette. *Id*. GHP asserted a laches defense. *Id*. at *2. On appeal, the court determined the record did not reveal circumstances so extraordinary as to justify the application of laches to bar an action on which limitations had not run. *Id*. at *4.

In this case, to support his laches defense, Rolando presented an affidavit in response to Veronica's motion for summary judgment. Rolando attested that although he interacted with Veronica during the administration of the estate as independent executor, neither Veronica nor anyone else in the family expressed concerns regarding the will's validity. Rolando further attested he relied on the validity of the will by paying estate debts and taxes and distributing estate assets. To support his argument that this case presents extraordinary circumstances that would work a grave injustice, Rolando attested:

> I no longer have much of the property that I inherited under the Will and that remained after paying estate debts and expenses as specifically ordered to do by this Court. Setting aside the probate of the Will at this late date would result in a grave injustice to me and any other person who acquired title and ownership of estate property without knowledge that the Will might be invalid, such as the banks who foreclosed on the certificates of deposit and the Internal Revenue Service.

The record shows Rolando was the sole beneficiary under the probated will. Rolando argues the record also indicates the independent administration of the will terminated in August

2008. We note the trial court's order did not specifically close the administration of the estate, but only approved the final account of estate assets. Nevertheless, that order was entered approximately eight months after the will was admitted to probate and fourteen months prior to the expiration of the statute of limitations for a will contest to be filed. Despite his attestation that no family members expressed concerns regarding the validity of the will, the record indicates family members did file suit approximately seven months before the filing of the will contest to invalidate a deed transferring a ranch to Rolando.

Although Rolando argues he acted in good faith to his detriment because of Veronica's delay in filing the will contest, he does not present evidence that Veronica's delay was unreasonable. Rolando merely asserts he followed the procedures required for closing the estate and argues that the independent administration of the estate was terminated prior to suit being filed. Other than mentioning the IRS and the banks that foreclosed on the estate's certificates of deposit, Rolando does not specify how setting aside the trial court's previous order probating the will would result in a grave injustice to him or others, besides the IRS and banks. Additionally, Rolando does not specify who acquired title and ownership of the disposed-of property or under what circumstances. Further, Rolando does not specify when he disposed of estate property he inherited — before or after Veronica filed suit to contest the validity of the will. Even taking as true all evidence favorable to Rolando and resolving any doubts in his favor, given the scant evidence presented by Rolando, we cannot say the circumstances of this case are so extraordinary that allowing Veronica to prosecute her will contest would work a grave injustice. *See Brink*, 966 S.W.2d at 685.

To defeat Veronica's motion for summary judgment, Rolando was required to show a genuine issue of material fact existed regarding his laches affirmative defense. *See Marx*, 474 S.W.3d at 378. Rolando did not show that he changed his position in good faith, and to his

detriment, due to Veronica's unreasonable delay in filing the will contest. Additionally, Rolando failed to show this case presents extraordinary circumstances that would work a grave injustice. Therefore, Rolando did not meet his burden of producing competent summary judgment evidence sufficient to raise a fact issue on each element of his affirmative defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Accordingly, we conclude the trial court did not err by granting Veronica's motion for summary judgment and setting aside its previous order admitting the will to probate.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Irene Rios, Justice